Donahue, J.
The only question presented by this record is whether the board of county commissioners has the authority to direct, into which of the county funds this money shall be certified. Counsel for the auditor insist that by the provisions of Section 2567, General Code, authority is given to the auditor to determine the fund to which this money shall be credited. This section reads as follows: “Except moneys collected on the tax duplicate, the auditor shall certify all moneys into the county treasury, specifying by whom to be paid and what fund to be credited, charge the treasurer therewith and preserve a duplicate of the certificate in his office. * * * ”
The language of this section is not ambiguous. Clearly the county auditor must exercise his intelligence in determining the fund to which money so certified shall be credited, but the fact that he is required to use his intelligence in discharging his duty under this section would in no way indicate that he is clothed with any discretion or authority to make an adjudication in reference thereto that would be binding upon anybody. It is his duty to certify the money to the credit of the fund in which it belongs, and when he does this' he performs his full duty, but if in the exercise of his intelligence he arrives at a wrong judgment and credits the money to a fund in which it does *248 not belong, it could hardly be contended that his judgment is final in that respect. In other words, if the money belongs to the poor fund, and he credits it to the general fund, he would not have performed his duty under this section, and his opinion that the money should be credited to the general fund would be no defense whatever in an action in mandamus to compel him to perform properly his duties as auditor. In this case there is nothing to show in which fund the money belongs. If it belongs to any particular fund, and there was any evidence to show that fact, then it ' should be placed to the credit of that fund, and it would be the auditor’s duty to so credit it, and the board of commissioners would have nothing whatever to do with it.
The purpose of this statute is very ably discussed in the case of Shanklin et al. v. Commissioners of Madison County, 21 Ohio St., 575. It is there said that: “In devising a system of checks on the treasurer, the legislature deemed the auditor’s warrant an efficient 'instrumentality for that purpose, by the registry of which, in the books of his office, the aggregate liability of the treasurer might be shown. * * * But, without enlarging, it is sufficient to affirm that the auditor’s warrant is an element in the statutory system of bookkeeping devised for the protection of the funds belonging to the county, not a muniment or condition of title in the county.” In that case it was held that the certificate of the auditor was not necessary to transfer the title to the county of a bank’s certificate of deposit accented by the commissioners in reimbursement of county moneys *249 embezzled by a county treasurer. There is nothing in the written communication accompanying this money that indicates the fund from which it had been-drawn. It does appear, however, that it was money paid out for work or services performed for the county. Nor does anything appear that would show the money was embezzled, or that the county had a legal right of action to recover the same. All that does appear is that the man who received it believed he had received too much for his services and his conscience being troubled thereby he returned the money to the county. The return of this money was purely voluntary. Legally he may have been entitled to every dollar of it, and so far as appears from this record he was entitled to it. His judgment as to the value of the services he Had performed for the county might have been erroneous, but however that may be, there is absolutely nothing to show that* the county had any legal claim or demand against him that it could enforce, or that any other consideration moved the return of this money to the county except the honest purpose of the individual returning it, and his desire to satisfy his own conscience. In no phase of this case can it be considered other than a gift to the county. The donor imposed no conditions whatever, neither did he direct the fund into which it should be placed, nor the purposes for which it should be expended. That being true, it belonged to no particular fund, nor were any facts presented by which the auditor could determine that it belonged to any particular fund. As soon as it reached the treasurer’s hands it became the property of the county without the certificate of *250 the county auditor authorizing its acceptance, for as we have already seen this court in the case of Shanklin v. Commissioners, supra, has held that the auditor’s certificate is not necessary to pass the title to the county, but that certificate is merely for the purpose of proper bookkeeping.
As early as the case of Carder v. Commissioners of Fayette County, 16 Ohio St., 354, this court declared that: “The board of county commissioners is the body — the quasi corporation — in whom is vested by law the title to all the property of the county. In one sense they are the agents of the county, and in another sense they are the county itself. It is in this latter sense that they acquire and hold in perpetuity, the title to its property. In this capacity they not only act for the county, but also act as the county.” In that case it was a devise, a gift by will. This case does not differ from that simply because it is a gift delivered in the lifetime of the donor. If all the facts were known in this case, the return of this money to the county might not be a gift, but we are at a loss to know how in the absence of any proof whatever to show that the county was legally entitled to the same that it can be designated as anything but a gift. Nothing passed from the county to the individual returning it. He was moved by no consideration whatever, except his conscience and his judgment of the value of the services performed, and that would by no means constitute a cause of action in the county to recover the fund, even though the individual had been known. It would be necessary in addition thereto to *251 show that it had been drawn illegally from the county in some such manner as would authorize a suit to recover it, but whether it be a gift or not the result must be the same. This money is now the property of the county. It should be returned to the particular fund from which it was withdrawn, but it is impossible from the evidence at hand to determine that fund. The suggestion found in the brief of counsel for the auditor that in that case it should pass into the general fund, would appeal very strongly to this court if it had the authority to determine the question, but in the absence of any proof whatever as to the fund from which it was withdrawn, its legal status is the same as if it had never been.the property of the- county, and never had been withdrawn from its treasury. It is now money belonging to the county, to be expended by the county for any lawful purpose, arid that purpose must be determined b}>- the county itself, or by those officers representing the county and authorized to act for it. In Ohio that authority is the board of county commissioners, in whom is vested by law the title to all the property of the county.
It is the duty of this board, and the authority of this board, to determine and direct into which fund this money shall be placed, and, having so determined that question, it becomes the duty of the auditor under Section 2567, General Code, to certify this money into the fund designated by the county commissioners to the credit of that fund, and charge the treasurer accordingly. He has no power or authority whatever to deal with the *252 money of the county, except as directed by law, or by those having lawful authority and discretion to make such orders and directions.
For error in sustaining the demurrer to relator’s petition, the judgment of the circuit court is reversed. The demurrer to the petition is overruled and a peremptory writ awarded. It appearing, however, that the auditor was acting in the line of his official duty, and that the question involved was so doubtful that the courts have differed as to the proper construction of the statute, it is ordered that the costs of this suit be paid out of the fund.

Judgment reversed and judgment for relator.

Spear, Shauck, Johnson and O’Hara, JJ., concur. Davis, C. J., not participating.